(*City Court of New York, General Term.* October 24, 1892.)

1. FACTORS AND BROKERS—ACTION FOR COMMISSIONS.
  In an action for brokerage for effecting a lease, a finding for plaintiff on the question whether he was the procuring cause excludes the idea that any other agency co-operated to bring about that result.
2. SAME—EVIDENCE.
  In such an action, evidence as to mere conversations, in the absence of plaintiff, between defendant's officers and other parties in regard to the letting, no action having been taken thereon, is immaterial and inadmissible.

Appeal from trial term.

Action by Eva Brumfield against the Pottier & Stymus Manufacturing Company. From a judgment entered on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before EHRLICH, C. J., and McCARTHY, J.

*Brewster Kissam,* for appellant. *Dennison & Hall,* for respondent.

EHRLICH, C. J. The employment of a broker does not preclude the owner from making other efforts to sell or rent, and if, without the broker, a sale or renting is effected, the broker, as matter of course, gets nothing. The question at issue here was whether the plaintiff was the procuring cause of the letting, and the jury, on the evidence, found that she was,—a finding which negatives the idea that any other agency co-operated to bring about the result. The evidence was sufficiently strong to warrant the finding made by the jury, and their verdict should stand, unless error was committed in excluding testimony tending to prove that other agencies brought about the result finally reached. The trial judge did not exclude evidence of any fact tending to show what other brokers or persons did in the premises, or what they accomplished with reference to the letting for which brokerage was claimed. The evidence excluded was as to the conversations with other persons in the absence of the plaintiff. What was said to them by the defendant's officers was immaterial; while what such other persons did (whether employed or not) in the way of bringing about the letting for which the plaintiff claims compensation was relevant,—indeed, might be controlling. The evidence excluded was not of this material character, and its exclusion was not error requiring correction or a new trial. It follows that the judgment and order appealed from must be affirmed, with costs.

---

## FLEIG *v.* GORMAN, Sheriff.

(*City Court of New York, General Term.* October 24, 1892.)

SHERIFFS—SUBSTITUTION OF INDEMNITORS.
  Code Civil Proc. § 1421, authorizing the substitution of indemnitors in place of the sheriff, was intended for his protection, and an application therefor by him may be granted without requiring him to furnish additional security to answer the final result of the litigation, though such security might have been required of the indemnitors if they had made the application.

Appeal from special term.

Action by Reuben Fleig against John J. Gorman, sheriff. From an order substituting indemnitors in place of the sheriff, plaintiff appeals. Affirmed.

Argued before EHRLICH, C. J., and MCCARTHY, J.

*Joseph Kohler*, for appellant. *William E. Stillings*, for respondent.

EHRLICH, C. J. The provisions of section 1421 of the Code, authorizing the substitution of indemnitors in place of the sheriff, were evidently intended for the protection of that official, and to enable him to let himself out of a litigation concerning which he had no personal interest, and in reference to which he had merely performed an official duty according to the requirements of the law. The court below, in furtherance of the legislative intent, granted the application, upon terms which seemed to it just. The judicial discretion was not abused, and there is nothing in the record which requires us to change the result arrived at. If the indemnitors had made the application, their pecuniary condition at the time might have required the court below to exact from them additional security as a condition for granting the relief, (Code, § 1423;) but the application was not made by the indemnitors, but by the sheriff, on his own behalf and for his own protection. To require the sheriff to furnish additional security to answer the final result of the litigation would defeat the very object of the enactment, for it would keep him responsible for the consequences of the acts of others, and their mode of defense, without any personal supervision over the management of the litigation. The act intended to let the sheriff out of the litigation, leaving the parties in interest to settle the contention in their own way. The order made was authorized by the Code provision, and, as there was no abuse of power or discretion, it must be affirmed, with costs.